909 F.2d 1496
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Warren WEXLER, Petitioner,
v.
DEPARTMENT OF INTERIOR, Respondent.
 No. 90-3217.
 United States Court of Appeals, Federal Circuit.
 July 25, 1990.
 
 Before MARKEY, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 JACK R. MILLER, Senior Circuit Judge.
 
 
 1
 The decision of the MSPB is affirmed.
 
 OPINION
 
 2
 With respect to Petitioner Wexler's contention that the Department of Interior (Interior) violated a "confidentiality requirement" on three occasions, we are satisfied that, as a matter of law, the MSPB Administrative Judge correctly found that the agreement is not "null and void" and that the three disclosures complained of by Petitioner did not violate the agreement.
 
 
 3
 The parties' recital of the statutory criteria for review of the MSPB's decision is accurate but so well-known as to obviate replication. The same can be said for Horn Book points of contract law recited by Interior: parties' intent as reflected by terms of their agreement; a settlement agreement is a contract; interpretation is a question of law; when construing a contract, the Court looks first to the terms of the agreement itself; language of a settlement agreement must be construed literally, giving full force and effect to each provision; language of a particular section should be read in context of the entire agreement; ordinary and commonly accepted meaning of language without twisted or strained analysis should be followed; interpretation leading to absurd result should be avoided; party arguing that a contract has been breached has the burden of proof; and, finally, one who attacks a settlement bears the burden of showing that the contract he has made is tainted with invalidity, either by fraud or mutual mistake.
 
 
 4
 Interior argues persuasively that paragraph eleven of the settlement agreement does not bar disclosure of its terms absolutely; and on its face permits disclosure when required to implement any part of the agreement.
 
 
 5
 It is apparent that none of the disclosures of which Petitioner complains has interfered with his ability to secure employment or has subjected him to embarrassment. We agree with Interior that any breaches that might have occurred could hardly be regarded as "material" or "substantial" warranting rescission of the settlement agreement.